ANNA M. HARRISON, Appellant, v. GEORGE SWART AND MARY E. SWART, Respondents.

*Costs — when to be allowed, as of course, to a successful appellant, on appeal from a judgment of dispossession in summary proceedings — Code of Civil Procedure, secs. 2260, 3066, 3240.*

Where a judgment recovered by a plaintiff in summary proceedings to recover the possession of land, instituted before a justice of the peace, is reversed, upon an appeal to the County Court, the defendant is entitled to costs, as of course, under the provisions of sections 2260 and 3066 of the Code of Civil Procedure.

Appeal from an order of the Ulster County Court, denying a motion to set aside a judgment for costs.

*William D. Brinnier,* for the appellant.

*George Van Etten,* for the respondents.

Learned, P. J.:

The plaintiff took summary proceedings before a justice of the peace to recover possession of premises, and recovered. The defendants appealed to the County Court and the matter was reversed. The defendants thereupon entered a judgment against plaintiff for costs. The plaintiff moved to set the judgment for costs aside. The motion was denied and plaintiff appeals. Section 2260 of the

Code says that appeals in such cases may be taken in like manner as from a judgment, etc., and *with like effect*. It is reasonable to apply the words "*with like effect*" to the matter of costs on appeal.

Section 3066, subdivision 4, gives costs as of course on appeal from a judgment where the judgment is reversed. Section 3240, as amended in 1881, puts costs on appeal in special proceedings in the discretion of the court, *where they are not specially regulated* in the act.

It seems to us that the effect of sections 2260 and 3066 is to specially regulate costs in these summary proceedings, appealed from a justice's court. The plaintiff in the present case argues that section 3240 applies on the ground that costs on this appeal are *not* specially regulated. And therefore insists that as the costs in this case were not given by the court they cannot be had. It should be noticed, however, that the judge who reversed the order of dispossession also refused to strike out these costs. At any rate we think the plaintiff overlooks the effect of section 2260, above cited. She urges that section 2263 is the only section authorizing costs, and that is in case of restitution ordered.

Like many other questions upon the construction of several sections of the Code, the question may not be free from doubt. But analogy favors the construction taken by the county judge and we are of the opinion that he was correct.

Order affirmed, with ten dollars costs and printing disbursements.

Present — LEARNED, P. J., BOCKES and LANDON, JJ.

So ordered.